James B. Davidson, OSB No. 01122
E-mail:        jbd@aterwynne.com
Lori Irish Bauman, OSB No. 87161
E-mail:        lib@aterwynne.com
Daniel P. Larsen, OSB No. 94364
E-mail:        dpl@aterwynne.com
ATER WYNNE LLP
222 SW Columbia, Suite 1800
Portland, OR 97201
Telephone:     (503) 226-1191
Facsimile:     (503) 226-0079

Attorneys for Plaintiff Northwest Pipe Company

# UNITED STATES DISTRICT COURT

# IN THE DISTRICT OF OREGON

| | |
|---|---|
| **NORTHWEST PIPE COMPANY,** an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN CAST IRON PIPE COMPANY, LLC,** a Georgia corporation; and **AMERICAN SPIRALWELD PIPE COMPANY, LLC,** a South Carolina corporation,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT (Copyright Infringement, Trade Secret Misappropriation, Accounting, California Penal Code § 502, California Penal Code § 502 (aiding and abetting))**<br><br>**JURY TRIAL DEMANDED** |

For its Complaint, plaintiff Northwest Pipe Company ("NORTHWEST PIPE") alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction in this Court is appropriate pursuant to the provisions of 28 USC § 1331 (federal question), § 1338(a) (copyright), and § 1332 (diversity). There is complete diversity of citizenship and the amount at issue exceeds $75,000.

Page 1  –  COMPLAINT

2.      Defendants are subject to personal jurisdiction in this district under the effects test because Plaintiff NORTHWEST PIPE is an Oregon corporation, defendants had reason to know that NORTHWEST PIPE's principal place of business was in Oregon, defendants committed an intentional act expressly aimed at NORTHWEST PIPE in Oregon, and NORTHWEST PIPE suffered the brunt of the harm in Oregon.

3.      Venue is proper in this judicial district pursuant to 28 USC § 1400 (a) (relating to venue in copyright actions) because defendants are subject to personal jurisdiction in this district and, therefore, may be found in this district. Venue is also proper in this judicial district pursuant to 28 USC § 1391 (b) because injury caused by defendants' tortious conduct occurred in this district.

## PARTIES

4.      Plaintiff NORTHWEST PIPE is an Oregon corporation with its principal place of business in Portland, Oregon. NORTHWEST PIPE does business throughout the United States. It manufactures pipe used in major municipal and industrial projects.

5.      Defendant American Cast Iron Pipe Company ("ACIPCO") is a Georgia corporation with its principal place of business in Birmingham, Alabama. ACIPCO has certain divisions, which are a part of ACIPCO and not separate legal entities, including its American Steel Pipe, American Centrifugal, and American Ductile Iron Pipe divisions. ACIPCO manufactures pipe and is a competitor of NORTHWEST PIPE.

6.      Defendant American SpiralWeld Pipe Company ("ASWP") is a South Carolina corporation with its principal place of business in Columbia, South Carolina. ASWP is a wholly owned subsidiary of ACIPCO. ASWP manufactures pipe and is a competitor of NORTHWEST PIPE.

## COMMON FACTUAL ALLEGATIONS

7.      NORTHWEST PIPE owns computer software known as LayPipe and PTDRAW.

Page 2  –  COMPLAINT

8.  LayPipe contains and calculates the dimensions and other data for each piece of pipe in a project and develops all of the information necessary to produce a listing of materials and to create drawings for the project.

9.  PTDRAW processes the information produced by LayPipe to generate instructions for a computer assisted drawing program to then generate a set of drawings, including laying diagrams, pipe detail drawings, and attachment details drawings.

10. PTDRAW is a trade secret and contains trade secrets of NORTHWEST PIPE, which has made reasonable efforts under the circumstances to maintain its secrecy.

11. NORTHWEST PIPE used PTDRAW in designing and manufacturing for pipe projects throughout the United States. PTDRAW automatically performs functions which otherwise would be performed by time-consuming manual effort. The use of PTDRAW gave NORTHWEST PIPE a distinct advantage over competitors, allowing NORTHWEST PIPE to design and complete projects more quickly and at less cost than its competitors.

12. NORTHWEST PIPE is the sole owner of the registered copyright in PTDRAW. PTDRAW is subject to Copyright Registration No. TXu1-196-138, issued on October 26, 2004. A copy of the Certificate of Registration is attached hereto as Exhibit A.

13. NORTHWEST PIPE owns the exclusive right in PTDRAW to make copies, prepare derivative works, distribute copies by sale or other transfer of ownership, or by rental, lease, or lending as granted under 17 USC § 106.

14. Ian Dickson ("Dickson") was a former NORTHWEST PIPE independent contractor and, later, NORTHWEST PIPE employee. Dickson developed LayPipe and helped NORTHWEST PIPE improve LayPipe and develop PTDRAW. In 1998, Dickson's employment with NORTHWEST PIPE terminated.

15. At all times, PTDRAW was owned by NORTHWEST PIPE.

16. Defendants knew that PTDRAW was owned by, was a trade secret of, and contained trade secrets of NORTHWEST PIPE. By at least February 2000, defendants wanted to

license both LayPipe and PTDRAW from NORTHWEST PIPE. However, NORTHWEST PIPE refused to license PTDRAW. Effective February 7, 2000, NORTHWEST PIPE and ACIPCO entered into a License Agreement, under which NORTHWEST PIPE licensed its LayPipe Software version 1996 to ACIPCO for use only by ACIPCO and its majority-owned subsidiaries. The License Agreement expressly provided, "Northwest Pipe's PTDRAW automated drawing software is not included in the [licensed] Software."

17.   Within a few weeks after licensing LayPipe, but not PTDRAW, ACIPCO retained Dickson. Defendants and Dickson then misappropriated and copied NORTHWEST PIPE's PTDRAW and, from approximately 2000 to at least late 2003, defendants used PTDRAW in designing and manufacturing for pipe projects. During those years, defendants called that software "DrawPipe," which was a copy or derivative of a portion of PTDRAW, and which accessed and used PTDRAW files to generate drawings. In 2006, Dickson died.

18.   Since approximately late 2003, and continuing to date, defendants have used software they call "Twister" in designing and manufacturing pipe projects for defendants. On information and belief, "Twister" is a derivative of PTDRAW.

19.   In 2005, NORTHWEST PIPE began to suspect that defendants were infringing and misappropriating its exclusive rights to PTDRAW and promptly demanded that defendants cease the infringing use. Defendants denied misappropriating, copying, making derivatives of, or using PTDRAW, either as or in connection with "DrawPipe" or "Twister." Defendants did not cease using "Twister." However, defendants did enter into a Confidentiality and Tolling Agreement, which tolled statutes of limitation, laches, and other defenses based on the lapse of time. As of the date of the filing of this Complaint, the tolling agreed to in the Confidentiality and Tolling Agreement remains in effect.

20.   The Confidentiality and Tolling Agreement also provided that, at NORTHWEST PIPE's expense, an independent expert mutually selected by NORTHWEST PIPE and defendants would examine and compare the source code of NORTHWEST PIPE's PTDRAW

Page 4 – COMPLAINT

and drawing software used by defendants in or after 2001. On November 20, 2007, the mutually selected independent expert concluded:

> [As to DrawPipe,] my conclusion is that American's DrawPipe was copied, and directly derived, with some minor modifications from the code written for Northwest's PTDRAW.
>
> [As to "Twister,"] I was given two drawings, one was produced using Northwest's PTDRAW and the other one was produced using American's Twister. These drawings were virtually identical. ... I would say that further investigation is necessary.

21. Defendants misappropriated, copied, made derivatives of, and used PTDRAW to design and manufacture pipe for projects, without NORTHWEST PIPE's authorization or knowledge. Defendants have refused to disclose to NORTHWEST PIPE the extent of their misappropriation, copying, making derivatives of, and use of PTDRAW.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 USC § 101 *et. seq.*)

22. NORTHWEST PIPE realleges paragraphs 1 through 21 as if fully set forth herein.

23. PTDRAW is an original work and is copyrighted under the Copyright Act. NORTHWEST PIPE is the registered owner of the copyright in that work and has all the exclusive rights to the work including the rights to copy, distribute, and transmit it in the United States.

24. NORTHWEST PIPE has at all relevant times complied with the Copyright Act, 17 USC § 101, *et seq.*, as to PTDRAW and has secured the exclusive right and privilege in and to the copyright for PTDRAW.

25. Defendants have, without authorization from NORTHWEST PIPE, copied and exploited PTDRAW.

26. Defendants' acts constitute direct infringement of NORTHWEST PIPE's copyright in violation of 17 USC § 101, *et seq.*

27. The infringements have been committed willfully and have been engaged in with total disregard for NORTHWEST PIPE's intellectual property rights.

ATER WYNNE LLP
222 SW COLUMBIA, SUITE 1800
PORTLAND, OR 97201-6618

359111

28. As a result of defendants' infringements, NORTHWEST PIPE is entitled to: (a) defendants' profits in an amount to be proven at trial, and prejudgment interest; and (b) a permanent injunction (i) requiring the seizure and destruction of all infringing copies of PTDRAW and products derived therefrom, and (ii) enjoining defendants from future infringement.

## SECOND CLAIM FOR RELIEF
### (Violation of Oregon Uniform Trade Secrets Act, ORS 646.461 to 646.475)

29. NORTHWEST PIPE realleges paragraphs 1 through 21 as if fully set forth herein.

30. Defendants obtained and used PTDRAW without NORTHWEST PIPE's express or implied permission.

31. At the time of defendants' unauthorized use of PTDRAW, defendants knew or had reason to know it was obtained by improper means.

32. Defendants' acts constitute misappropriation of trade secrets in violation of the Uniform Trade Secrets Act, ORS 646.461 to 646.475.

33. Defendants' misappropriation was committed willfully and maliciously and was engaged in with total disregard for NORTHWEST PIPE's intellectual property rights.

34. As a result of defendants' misappropriation, NORTHWEST PIPE is entitled to: (a) compensatory damages in an amount to be proven at trial and prejudgment interest; (b) punitive damages of up to twice the amount of compensatory damages and attorneys fees for defendants' willful and malicious misappropriation; and (c) a permanent injunction (i) requiring the seizure and destruction of all misappropriated copies of PTDRAW and products derived therefrom, and (ii) enjoining defendants from future misappropriation.

## THIRD CLAIM FOR RELIEF
### (Accounting)

35. NORTHWEST PIPE realleges paragraphs 1 through 21 as if fully set forth herein.

36. NORTHWEST PIPE has demanded that defendants cease infringing and account to NORTHWEST PIPE for the extent of the infringement. Defendants have refused to do so.

Page 6 – COMPLAINT

37. NORTHWEST PIPE is entitled to a full accounting from defendants of: (a) their infringement, including copyright infringement, misappropriation, copying, making derivatives of, and use, of PTDRAW; and (b) the profits and other unjust enrichment defendants received from projects and other business in which they infringed.

## FOURTH CLAIM FOR RELIEF
### (California Penal Code § 502)

38. NORTHWEST PIPE realleges paragraphs 1 through 21 as if fully set forth herein.

39. Dickson was a resident of California and committed substantially all of his alleged acts in California.

40. Defendants knew that Dickson was a resident of California and knew that he would commit and did commit substantially all of his alleged acts in California. Defendants communicated with Dickson in California, paid Dickson in California, and received infringing software, including copyright infringing and misappropriated software, from California.

41. Defendants' intentionally directed Dickson to do the alleged work and acts. Defendants knew or had reason to know that Dickson's work and acts were likely to result in tortious injury to NORTHWEST PIPE or that tortious injury to NORTHWEST PIPE must be expected.

42. While committing the acts and omissions alleged in paragraphs 1 through 21 and in this Claim for Relief, defendants violated California Penal Code § 502(c)(1), in that defendants knowingly accessed and without permission altered and used NORTHWEST PIPE data (as defined in California Penal Code § 502 (b)(6)), which consisted of PTDRAW and the information, knowledge, facts and concepts on PTDRAW, to wrongfully control that data.

43. While committing the acts and omissions alleged in paragraphs 1 through 21 and in this Claim for Relief, defendants violated California Penal Code § 502(c)(2), in that defendants knowingly accessed and without permission took, copied and made use of the NORTHWEST PIPE data (as defined in California Penal Code § 502 (b)(6)), which consisted of

PTDRAW and the information, knowledge, facts and concepts on PTDRAW.

44.    While committing the acts and omissions alleged in paragraphs 1 through 21 and in this Claim for Relief, defendants violated California Penal Code § 502(c)(4), in that defendants knowingly accessed and without permission added, altered, damaged, deleted, or destroyed NORTHWEST PIPE data (as defined in California Penal Code § 502 (b)(6)).

45.    Defendants' acts constituted violations of California Penal Code § 502(c)(1), (2) and (4).

46.    Defendants' violations were willful, oppressive, fraudulent and malicious.

47.    As a result of defendants' violations, pursuant to California Penal Code § 502(e), NORTHWEST PIPE is entitled to: (a) compensatory damages in an amount to be proven at trial, attorney fees, punitive and exemplary damages, and prejudgment interest; and (b) a permanent injunction (i) requiring the seizure and destruction of all copies of PTDRAW, including copies to which data has been added, altered, damaged, deleted, or destroyed, and products derived therefrom in violation of California Penal Code § 502, and (ii) enjoining defendants from future violation of that statute.

### FIFTH CLAIM FOR RELIEF
### (California Penal Code § 502 (aiding and abetting), in the alternative to Fourth Claim for Relief)

48.    NORTHWEST PIPE realleges paragraphs 1 through 21 as if fully set forth herein.

49.    Dickson was a resident of California and committed all or substantially all of his alleged acts in California.

50.    Defendants knew that Dickson was a resident of California and knew that he would commit and did commit all or substantially all of his alleged acts in California. Defendants communicated with Dickson in California, paid Dickson in California, and received infringing software, including copyright infringing and misappropriated software, from California.

51. Defendants' knew that Dickson's conduct constituted a breach of duty, and defendants gave substantial assistance or encouragement to Dickson to perform that conduct.

52. While committing the acts and omissions alleged in paragraphs 1 through 21 and in this Claim for Relief, defendants aided and abetted Dickson in violating California Penal Code § 502(c)(1), in that Dickson, aided and abetted by defendants, who gave him substantial assistance or encouragement, knowingly accessed and without permission altered and used NORTHWEST PIPE data (as defined in California Penal Code § 502 (b)(6)), which consisted of PTDRAW and the information, knowledge, facts and concepts on PTDRAW, to wrongfully control that data.

53. While committing the acts and omissions alleged in paragraphs 1 through 21 and in this Claim for Relief, defendants aided and abetted Dickson in violating California Penal Code § 502(c)(2), in that Dickson, aided and abetted by defendants, who gave him substantial assistance or encouragement, knowingly accessed and without permission took, copied and made use of the NORTHWEST PIPE data (as defined in California Penal Code § 502 (b)(6)).

54. While committing the acts and omissions alleged in paragraphs 1 through 21 and in this Claim for Relief, defendants aided and abetted Dickson in violating California Penal Code § 502(c)(4), in that Dickson, aided and abetted by defendants, who gave him substantial assistance or encouragement, knowingly accessed and without permission added, altered, damaged, deleted, or destroyed NORTHWEST PIPE data (as defined in California Penal Code § 502 (b)(6)).

55. Defendants' acts constituted violations of California Penal Code § 502(c)(1), (2) and (4).

56. Defendants' violations were willful, oppressive, fraudulent and malicious.

57. As a result of defendants' violations, pursuant to California Penal Code § 502(e), NORTHWEST PIPE is entitled to: (a) compensatory damages in an amount to be proven at trial, attorney fees, punitive and exemplary damages, and prejudgment interest; and (b) a permanent

injunction (i) requiring the seizure and destruction of all copies of PTDRAW, including copies to which data has been added, altered, damaged, deleted, or destroyed, and products derived therefrom in violation of California Penal Code § 502, and (ii) enjoining defendants from future violation of that statute.

**WHEREFORE,** plaintiff prays for relief as follows:

1.    On the First Claim for Relief: (a) defendants' profits in an amount to be proven at trial, and prejudgment interest; and (b) a permanent injunction (i) requiring the seizure and destruction of all infringing copies of PTDRAW and products derived therefrom, and (ii) enjoining defendants from future infringement.

2.    On the Second Claim for Relief: (a) compensatory damages in an amount to be proven at trial and prejudgment interest; (b) punitive damages of up to twice the amount of compensatory damages and attorneys fees for defendants' willful and malicious misappropriation; and (c) a permanent injunction (i) requiring the seizure and destruction of all misappropriated copies of PTDRAW and products derived therefrom, and (ii) enjoining defendants from future misappropriation.

3.    On the Third Claim for Relief; a full accounting from defendants of: (a) their infringement, including copyright infringement, misappropriation, copying, making derivatives of, and use, of PTDRAW; and (b) the profits and other unjust enrichment defendants received from projects and other business in which they infringed.

4.    On the Fourth Claim for Relief: (a) compensatory damages in an amount to be proven at trial, attorney fees, punitive and exemplary damages, and prejudgment interest; and (b) a permanent injunction (i) requiring the seizure and destruction of all copies of PTDRAW, including copies to which data has been added, altered, damaged, deleted, or destroyed, and products derived therefrom in violation of California Penal Code § 502, and (ii) enjoining defendants from future violation of that statute.

5.   On the Fifth Claim for Relief: (a) compensatory damages in an amount to be proven at trial, attorney fees, punitive and exemplary damages, and prejudgment interest; and (b) a permanent injunction (i) requiring the seizure and destruction of all copies of PTDRAW, including copies to which data has been added, altered, damaged, deleted, or destroyed, and products derived therefrom in violation of California Penal Code § 502, and (ii) enjoining defendants from future violation of that statute.

Dated: December 28, 2007.

ATER WYNNE LLP

By: _____
James B. Davidson, OSB No. 01122
E-mail:    jbd@aterwynne.com
Lori Irish Bauman, OSB No. 87161
E-mail:    lib@aterwynne.com
Daniel P. Larsen, OSB No. 94364
E-mail:    dpl@aterwynne.com
Telephone: (503) 226-1191
Facsimile: (503) 226-0079
Attorneys for Plaintiff
Northwest Pipe Company

## DEMAND FOR JURY TRIAL

Plaintiff Northwest Pipe Company hereby requests a jury trial on all issues set forth herein.

Dated:  December 28, 2007

ATER WYNNE LLP

By: /s/ James B. Davidson
James B. Davidson,
Lori Irish Bauman,
Daniel P. Larsen,
Attorneys for Plaintiff

Page 12 –   COMPLAINT

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TXu 1-196-138**

EFFECTIVE DATE OF REGISTRATION

OCT 26 2004

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1 TITLE OF THIS WORK ▼**
PTDraw

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2 a NAME OF AUTHOR ▼**
Northwest Pipe Company

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?   ☒ Yes   ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Computer program.

**b NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?   ☐ Yes   ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?   ☐ Yes   ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
1991

**b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Month ▶         Day ▶         Year ▶
◀ Nation

**4 COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Northwest Pipe Company
12005 N Burgard Way
Portland, OR 97203-6432

APPLICATION RECEIVED
OCT 26 2004
ONE DEPOSIT RECEIVED
OCT 26 2004
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

COMPLAINT
EXHIBIT A Pg. 1 of 2

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

|  | FORM TX |
|---|---|
| EXAMINED BY | |
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

*Amended by C.O. from phone call to Jenny L. Trieu of Ater Wynne LLP on Oct 29, 2004.

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶         Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

**6 a**

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions before completing this space.

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                    Account Number ▼

**7 a**

CORRESPONDENCE  Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Jenny Trieu, Ater Wynne LLP
222 SW Columbia, Suite 1800
Portland, OR  97201

**b**

Area code and daytime telephone number ▶ (503) 226-8699        Fax number ▶ (503) 226-0079
Email ▶ jlt@aterwynne.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
☐ author
☐ other copyright claimant
Check only one ▶ ☐ owner of exclusive right(s)
☑ authorized agent of  Northwest Pipe Company
of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Jenny L. Trieu                                                    Date ▶ October 25, 2004

Handwritten signature (X) ▼
X  [signature]

COMPLAINT
EXHIBIT A Pg. 2 of 2

| Certificate will be mailed in window envelope to this address: | Name ▼ Jenny L. Trieu, Ater Wynne LLP |
|---|---|
| | Number/Street/Apt ▼ 222 SW Columbia, Suite 1800 |
| | City/State/ZIP ▼ Portland, OR  97201 |

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office - TX
101 Independence Avenue, S.E.
Washington, D.C. 20559-6222

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: July 2003—xxx    Web Rev: July 2003    ⓔ Printed on recycled paper